# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2017

Lyle W. Cayce
Clerk

No. 17-10326
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARMANDO RAMIREZ-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:16-CR-24-1

Before JONES, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Armando Ramirez-Hernandez pleaded guilty to illegal reentry and was sentenced above the advisory guidelines range to 40 months of imprisonment and three years of supervised release. He maintains that his guilty plea was involuntary because he was not admonished that the prior felony provision of 8 U.S.C. § 1326(b)(1) was an element of the offense that the Government had to prove beyond a reasonable doubt. Likewise, he argues that the enhancement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10326

provisions of § 1326(b) are unconstitutional because they treat past convictions as sentencing factors rather than elements of the offense; he contends that his indictment did not allege that he had a prior conviction, and, thus, he could be sentenced to no more than two years in prison pursuant to § 1326(a).  Ramirez-Hernandez concedes that his arguments are foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he asserts that he seeks to preserve his claims for possible future review.

The Government has moved for summary affirmance or, alternatively, for an extension of time to file a brief.  Summary affirmance is proper when, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162-63 (5th Cir. 1969).

As Ramirez-Hernandez concedes, his appellate claims are foreclosed by *Almendarez-Torres*.  The Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 131 S. Ct. 2151 (2013), did not overrule *Almendarez-Torres*.  *See United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014).  Thus, the Government's motion for summary affirmance is GRANTED, and the judgment is AFFIRMED.  The Government's alternative motion for an extension of time to file a brief is DENIED.